Prob 12A (10/16)
VAE (9/19)

**UNDER SEAL**

# UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF VIRGINIA

Case: 1:23-mj-00050
Assigned to: Judge Harvey, G. Michael
Assign Date: 3/3/2022
Description: ARREST RULE(5)

U.S.A. vs. Jihad Ibn Barnes              Docket No. 1:13CR00311-001

## Petition on Supervised Release

COMES NOW Daniel D. Gillespie, Jr., PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jihad Ibn Barnes, who was placed on supervision by the Honorable Anthony J. Trenga, Senior United States District Judge, sitting in the Court at Alexandria, Virginia, on the 14th day of February, 2014, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

**See Page Two (2)**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.

**ORDER OF COURT**

Considered and ordered this __28th__ day of February 2023 and ordered filed and made a part of the records in the above case.

Anthony J. Trenga
Senior U.S. District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: February 27, 2023

Daniel D. Gillespie, Jr.
Digitally signed by Daniel D. Gillespie, Jr.
Date: 2023.02.27 17:23:02 -05'00'

Daniel D. Gillespie, Jr.
Senior U.S. Probation Officer
703-299-2285

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
**Page 2**
**RE: Barnes, Jihad Ibn**

OFFENSE: Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1).

SENTENCE: On February 14, 2014, the defendant was originally sentenced by the Court to a two hundred and sixteen (216) month term of imprisonment, with credit for time served, followed by a five (5) year term of supervised release. No special conditions of supervised release were imposed at the time of sentencing. The defendant was further ordered to pay a $100.00 special assessment, which has been paid in full.

On January 6, 2022, the defendant received a sentence reduction based on changes to the Armed Career Criminal Act (ACCA), reducing the term of imprisonment to ten (10) years, with credit for time served, and also reducing the term of supervised release to three (3) years under the same term and conditions as previously imposed.

As requested by the Probation Office, on April 27, 2022, the defendant's special conditions of supervised release were modified by Waiver of Hearing to Modify Conditions order to include the following:

1. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of supervision. Failure to submit to such a search may be grounds for revocation. The defendant shall warn any other residents or third parties that the premises and areas under your control may be subject to searches pursuant to this condition.

2. The defendant shall not possess or use an internet capable device or have access to any online service without the prior approval of the probation officer. Your cooperation shall include, but not limited to, allowing installation of a monitoring program and/or identifying computer systems, internet-capable devices, and similar memory and electronic devices to which you have access. Monitoring may include random examinations of computer systems along with internet, electronic and media storage devices under your control. The computer system or devices may be removed for a more thorough examination, if necessary. You shall contribute to the cost of such monitoring services, based on your ability to pay, as deemed appropriate by the probation officer. **The defendant shall be subject to internet capable device monitoring during the first twelve (12) months of supervised release.**

3. The defendant shall participate in a mental health counseling program as approved by the probation officer. This program may include psychological/psychiatric counseling, treatment or medication maintenance, family counseling and mentor support.

4. You shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or is deemed to be inappropriate by the Probation Office.

5. You shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements and telephone bills.

On November 29, 2022, the defendant's special conditions were further modified by the Court by Waiver of Hearing to Modify Conditions to include polygraph testing at the direction by the probation officer in lieu of court action officer based on reported violations of special conditions.

**Petition on Supervised Release**
Page 3
RE: Barnes, Jihad Ibn

ADJUSTMENT TO SUPERVISION: On July 2, 2022, Mr. Barnes began his term of supervised release following release from the Bureau of Prisons and is currently under the supervision of the U.S. Probation Office for the District of Columbia assigned to U.S. Probation Officer Sean Stallman due to his District of Columbia residence.

By way of background, the defendant has an extensive violent criminal history to include a Manslaughter conviction from the District of Columbia in which he is serving a life term of parole supervision. Mr. Barnes received a sentence enhancement in this case for Obstruction of Justice - Reckless Endangerment for obtaining the identity of a confidential human source in an attempt to stop the individual from cooperating with the criminal investigation. The defendant's wife and co-defendant, Rasheda Savoy, was also convicted in this case of Conspiracy to Tamper with a Witness and to Obstruct an Official Proceeding.

It is further reported that in November 2021 while under Bureau of Prisons custody, Mr. Barnes was moved to the Communications Management Unit at Federal Correctional Center - Terre Haute after being found in possession of several internet capable devices that contained reported extremely radicalized Islamic media. The Bureau of Prisons identified Mr. Barnes at that time as an international terrorist supporter. Mr. Barnes was also denied Residential Reentry Center (RRC) placement by the Bureau of Prisons based on his perceived risk of danger to the community.

Based on this information and to mitigate reasonably foreseeable risk, the probation officer recommended a modification of the special conditions of supervision, while the defendant was still under sentence, to include a warrantless search condition, mental health treatment condition, a financial disclosure condition, and a condition to not use any internet capable device without prior approval and to include the installation of computer monitoring software for the first twelve (12) month period of supervision. The defendant agreed to these modifications and waived his right to a formal hearing. The Court approved these modifications on April 27, 022.

On November 16, 2022, this officer received a notice of violation from Officer Stallman with an additional request for modification in lieu of any action by the Court. Officer Stallman reported the following violations: 1) on or about July 8 and 28, 2022, and August 15, 2022, in Washington, D.C., Mr. Barnes associated with a person convicted of a felony; 2) on or about July 18, 2022, in Washington, D.C., Mr. Barnes failed to follow instructions of the probation officer; 3) on or about August 5, 2022, in Washington, D.C., Mr. Barnes failed to provide all requested financial information; and 4) on or about October 17, 2022, in Washington, D.C., Mr. Barnes possessed and had access to an internet capable device without the prior approval of the probation officer. Based on this non-compliance Officer Stallman requested a modification of the conditions of supervised release to include polygraph testing to ensure compliance with the requirements of supervision and/or any treatment programs moving forward. The Court approved this modification on November 29, 2022.

Officer Stallman requested this modification of supervised release based on multiple instances of anti-social behavior. Mr. Barnes was provided with financial investigative and computer inventory/social media documents to enforce the special conditions imposed by modification. Both documents instruct Mr. Barnes to provide all his financial information he has access to and computer devices/social media accounts. Officer Stallman also reviewed with Mr. Barnes a Computer & Internet Monitoring Program (CIMP) Participant Agreement outlining the requirements of his computer monitoring special condition. One of the stipulations on the CIMP agreement document states, "I shall notify my probation officer of all on-line accounts/profiles and shall provide site address(es), application name(s), password(s), and purpose. This includes, but is not limited

**Petition on Supervised Release**
**Page 4**
**RE: Barnes, Jihad Ibn**

to, social networks, cloud storage services, message boards, gaming, etc." On July 18, 2022, Mr. Barnes provided his completed computer questionnaire document. Further investigation from Officer Stallman reveals Mr. Barnes did not report several social media accounts and his Wi-Fi information.

Review of Mr. Barnes' computer monitoring data by Officer Stallman revealed he was driving without a license on multiple occasions. When interviewed about him driving without a license, Mr. Barnes admitted to the anti-social conduct and was instructed not to drive without a license. Additionally, Mr. Barnes' computer monitoring data reveals frequent contact with multiple felons in the community and in the prison system. Mr. Barnes is estimated to have been in contact with as many as twenty (20) different felons. Particularly, he was found to be contacting an inmate incarcerated in the Virginia Department of Corrections.

Based on reasonable suspicion, the D.C. Federal Probation Office conducted a computer search/seizure to investigate allegations of Mr. Barnes being in possession of an unreported computer device. Results from the forensic search revealed confirmation of Mr. Barnes' contact with felons, financial fraud, and suspicion of Mr. Barnes utilizing another computer device. When interviewed about the results from the forensic search, Mr. Barnes admitted to being dishonest about his annual income on credit card applications. Mr. Barnes was reporting he earned approximately $65,000 per year on credit card applications (which is inaccurate). Mr. Barnes then admitted to using his wife's phone without prior permission to contact and receive calls from associates. In response to these multiple instances of anti-social behavior, Officer Stallman administered the supervision skill of Effective Use of Punishment, which assists with identification of the anti-social behavior, imposes an appropriate sanction to address the anti-social behavior, and holds the person under supervision accountable. In coordination with Mr. Barnes, the defendant agreed to a modification to submit to polygraph testing to demonstrate he can be honest and transparent with the probation officer and remain motivated towards supervision requirements.

In further reference to the special conditions, Officer Stallman conducted a home contact on November 29, 2022, and discovered an unreported computer device in plain view. The computer device was supposed to be inoperable per directives given by Officer Stallman. During this interaction, Mr. Barnes became aggressive towards Officer Stallman and began yelling at his wife. Officer Stallman seized the device, vacated the residence immediately, and then submitted the device to our National Cyber Crime Lab for a forensic examination based on reasonable suspicion (forensic examination results are pending). Mr. Barnes reports he is participating in mental health treatment at Georgetown University; however, he has failed to provide verification. Mr. Barnes completed a mental health assessment at Counseling Plus, Inc on August 16, 2022. The assessment reports how the defendant poses a moderate to high-risk danger to himself or others. On December 8, 2022, Mr. Barnes completed a psychosexual risk assessment at D. Gambles & Associates, PLLC, as required by his concurrent lifetime parole term supervised by the Court Services and Offender Services Agency. The assessor reported, Mr. Barnes is deemed high-risk of engaging in a violent offense within the next seven (7) years. He is also deemed a high-risk of sexually re-offending within the next seven. Mr. Barnes took a polygraph/credibility assessment on February 17, 2023, and the results are currently pending.

Regarding his financial documents, Mr. Barnes failed to report multiple credit cards, businesses he owns, and his Cash App (where he receives income from multiple women). When interviewed about this anti-social conduct, Mr. Barnes admits he misled officer Stallman about the Cash App and the income he receives from multiple women. Recently, Mr. Barnes has been afforded the opportunity to provide an updated financial disclosure. He only reports two (2) businesses, The Prospect House, Inc, and Pettress Empire. The D.C. Federal Probation expresses concern about the Prospect House business as the defendant is attempting to establish a

Case 1:13-cr-00311-AJT Document 158 SEALED Filed 02/28/23 Page 5 of 6 PageID# 540
Case 1:23-mj-00050-GMH Document 1-1 Filed 03/03/23 Page 5 of 6

Petition on Supervised Release
Page 5
RE: Barnes, Jihad Ibn

halfway house/reentry center for felons in the District of Columbia. Mr. Barnes has failed to notify Officer Stallman of his other businesses to include Jonny Nice Exclusive Shoe Guru, LLC; Noble Automobile Emporium LLC; and Quantum Metamorphosis Foundation, Inc. There is suspicion about the legitimacy of the businesses as most are registered to the defendant's home address. A credit check and financial investigation revealed Mr. Barnes possesses approximately $2,000 in liquid assets. Officer Stallman expresses concern on how someone who is currently unemployed with limited assets is purchasing buildings for his businesses.

Officer Stallman further advised his office obtained a Bureau of Prisons voice recording between Mr. Barnes and an inmate. The recording revealed that Mr. Barnes instructed his associate to not contact his monitored device and contact his wife's number only. The defendant tells his associate, "You can't contact me on this number anymore, you hear me?" Mr. Barnes continues to be evasive with reporting computer devices and is attempting to evade supervision requirements. Officer Stallman advised Mr. Barnes has communicated/interacted with approximately twenty (20) or so felons either in prison or in the community without prior approval. Officer Stallman has implemented multiple graduated restrictions/monitoring and intervention methods without success. He as further increased personal contacts, conducted financial investigations, administered STARR skills, conducted non-compliance meetings with a supervisor, requested modifications of supervised release, referred to vocational/educational programs, and has increased restrictions under his current conditions. Based on the above reference anti-social behavior, similar repetitive non-compliance issues, his high-risk level in the community, the defendant's current unemployment status, and his continued evasiveness with the Probation Office, Officer Stallman recommends an arrest warrant be issued to have the Court address this continued high-severity non-compliance and impose an appropriate sanction.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION:** **ASSOCIATING WITH A PERSON CONVICTED OF A FELONY OFFENSE WITH PERMISSION FROM THE PROBATION OFFICER.**

On or about July 8, July 28, August 15, and October 29, 2022, in Washington, D.C., the defendant associated/communicated with a person convicted of a felony offense without permission from the probation officer.

**STANDARD CONDITION:** **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On or about July 18, 2022, and February 3, 2023, in Washington, D.C., the defendant failed to follow the instructions of the probation officer by failing to provide his computer monitoring questionnaire as directed.

**STANDARD CONDITION:** **FAILURE TO WORK REGULARLY AT A LAWFUL OCCUPATION UNLESS EXCUSED BY THE PROBATION OFFICER FOR ACCEPTABLE REASONS.**

On or about January 24, 2023, in Washington, D.C., the defendant resigned from his employment and educational program with the Georgetown University Pivot Program. Officer Stallman reports Mr. Barnes is currently unemployed and is not participating in any acceptable schooling or training programs.

**Petition on Supervised Release**
**Page 6**
**RE: Barnes, Jihad Ibn**

**SPECIAL CONDITON:** **FAILURE TO PROVIDE THE PROBATION OFFICER ACCESS TO REQUESTED FINANCIAL INFORMATION AS REQUESTED.**

On or about August 5, 2022 and February 3, 2023, in Washington, D.C., the defendant failed to provide requested financial information to Officer Stallman as directed.

**SPECIAL CONDITION:** **POSSESSING AND USING AN INTERNET CAPABLE DEVICE WITHOUT PRIOR APROVAL FROM THE PROBATION OFFICER.**

On or about October 17, 2022, and November 29, 2022, in Washington, D.C., the defendant possessed and had access to an internet capable device without prior approval form the probation officer.

DDG/mbp
REH

Prob 12A (10/16)
VAE (5/17)